**Order filed December 15, 2022**



In The

# Eleventh Court of Appeals

_____

## No. 11-22-00302-CV

_____

## LARRY BRADSHAW, Appellant

## V.

## CUMMINS SOUTHERN PLAINS, LLC, Appellee

**On Appeal from the 358th District Court**
**Ector County, Texas**
**Trial Court Cause No. D-18-07-0767-CV**

## O R D E R

Appellant, Larry Bradshaw, filed a pro se notice of appeal from the trial court's Order Regarding Plaintiff's Motion to Compel. After this appeal was docketed, we informed Appellant that it did not appear that the order from which Appellant attempted to appeal was final and appealable, and we requested that Appellant provide this court with a response showing grounds to continue this appeal. *See* TEX. R. APP. P. 42.3.

In response, Appellant paid the filing fee and filed an addendum to his notice of appeal. He also filed a response in which he states: "Plaintiff, having filed a premature Notice of Appeal pursuant to Rule 27.1, is asking the court to treat such action taken before an appealable order is signed pursuant to Rule 27.2 . . . ." *See* TEX. R. APP. P. 27. The reasons given by Appellant in his response include Appellee's fraud on the court, Appellee's discovery abuse, the trial court's abuse of its discretion, the existence of a conspiracy, the disqualification of the trial judge, and the merits of Appellant's motion to compel discovery. Additionally, Appellant also indicates that mandamus relief may be available. However, Appellant did not file a petition for writ of mandamus; he filed a notice of appeal.

Unless specifically authorized by statute, appeals may be taken only from final judgments. *Tex. A & M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840–41 (Tex. 2007); *Lehmann v. Har–Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final and appealable if it disposes of all parties and all claims in the case. *Lehmann*, 39 S.W.3d at 195. The order that Appellant attempts to appeal is not a final, appealable order. Rather, it is an interlocutory order from which no appeal is authorized by statute. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014 (West Supp. 2022) (permitting appeals from certain interlocutory orders). "The denial of a motion to compel discovery may be challenged by a petition for mandamus, but it is not an appealable interlocutory order." *Rudder v. Hannah*, No. 2-04-112-CV, 2004 WL 1176655, at *1 (Tex. App.—Fort Worth May 27, 2004, no pet.) (mem. op.).

Because the order from which Appellant attempts to appeal is an interlocutory order regarding discovery and because a final, appealable order has not yet been entered in this cause, we have determined that an abatement is appropriate at this time. *See* TEX. R. APP. P. 27.2. Consequently, we abate this appeal—pursuant to Rule 27.2 of the Texas Rules of Appellate Procedure—to permit the parties to obtain

a final, appealable order or judgment.  If a final, appealable order or judgment has not been entered by February 28, 2023, we may dismiss this appeal.  *See* TEX. R. APP. P. 42.3.  If a final judgment is entered before that date, the parties are ordered to notify this court immediately.

The appeal is abated.

PER CURIAM

December 15, 2022

Panel consists of: Bailey, C.J.,
Williams, J., and Wright, S.C.J.[1]

Trotter, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.